### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| John H. Netzel and | ) | |
| Christina M. Netzel, | ) | Case No. 09 B 46723 |
| Debtors. | ) | |
| ───────────────── | ) | |
| | ) | Judge Carol A. Doyle |
| Frank Soverino, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Adversary No. 10 A 01292 |
| | ) | |
| John H. Netzel, | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

John Netzel and his wife filed a chapter 7 bankruptcy case. Frank Soverino filed this adversary proceeding against John Netzel under § 523(a)(4) of the Bankruptcy Code, 11 U.S.C. § 523(a)(4), seeking a determination that a debt owed for an alleged a breach of fiduciary is nondischargeable. Soverino is a creditor of a plumbing company owned by Netzel. Soverino alleges that Netzel breached the fiduciary duty he owed to all creditors after the plumbing company became insolvent by using corporate assets to pay personal bills and diverting corporate opportunities to competitors.

Netzel moved to dismiss under Rule 7012 of the Federal Rules of Bankruptcy Procedure for failure to state a claim upon which relief can be granted. The court will grant the motion. Soverino has failed to state a claim under § 523(a)(4) because individual creditors lack standing to bring a direct action against directors of an insolvent corporation for breach of fiduciary duty.

## I.    Background

Soverino alleges the following in his complaint.  Netzel and Soverino were co-owners of

The Plumbing Company.  In 2006, Soverino suspected that Netzel was misappropriating

company funds and suggested that Netzel buy his share of the company.  They agreed that the

company (not Netzel) would purchase Soverino's stock for $1.932 million, paid over 483 weeks

at $4000 per week.  The company made monthly payments under the repurchase agreement until

2008 and 2009, when payments became less frequent and eventually stopped.  The company

became insolvent in 2008.  Netzel then owed a fiduciary duty to Soverino and all other creditors.

Netzel engaged in "defalcation" by diverting corporate money to pay personal debts and

assigning lucrative contracts to other plumbing companies.  Soverino seeks a judgment

determining that the debt arising from the alleged breach of fiduciary duty is nondischargeable

under § 523(a)(4) of the Bankruptcy Code.

## II.    Motion to Dismiss under Rule 7012

Netzel moved to dismiss under Rule 7012 of the Federal Rules of Bankruptcy Procedure.

Rule 7012 incorporates Rule 12(b)(6) of the Federal Rules of Civil Procedure, which permits

dismissal for failure to state a claim upon which relief can be granted.  Fed. R. Bankr. P. 7012.

Under Rule 12(b)(6), the court must "construe [the complaint] in the light most favorable to the

nonmoving party, accept well-pleaded facts as true, and draw all inferences in the nonmoving

party's favor."  *Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 837 (7th Cir. 2010).  The

complaint must allege "enough facts to render the claim facially plausible, not just conceivable."

*Id*.

2

Netzel argues that Soverino cannot state a claim for breach of fiduciary duty under

§ 523(a)(4) because the special circumstances fiduciary duty that arises when a corporation

becomes insolvent runs to all creditors of The Plumbing Company as a whole, not to any specific

creditor.  The court agrees.  An individual creditor has no standing to bring a direct claim for

breach of fiduciary duty against a director or officer of an insolvent corporation.


**III.    "Special Circumstances" Fiduciary Duty and § 523(a)(4)**

Section 523(a)(4) of the Bankruptcy Code provides an exception to discharge for debts

arising through "fraud or defalcation while acting in a fiduciary capacity."  11 U.S.C.

§ 523(a)(4).  A fiduciary relationship exists for purposes of § 523(a)(4) when (1) there is an

express trust involving a specific *res*, or (2) the parties have an unequal relationship preexisting

the wrong in which there is "a difference in knowledge or power between fiduciary and principal

which . . . gives the former a position of ascendancy over the latter."  *In re Marchiando*, 13 F.3d

1111, 1115-16 (7th Cir. 1994); *In re Frain*, 230 F.3d 1014, 1017 (7th Cir. 2000).  Courts look to

state and other non-bankruptcy law to determine whether an express trust or other fiduciary

relationship exists.  Not all fiduciary relationships recognized under state law, however, satisfy

the *Marchiando* test.  Whether a fiduciary relationship falls within the scope of § 523(a)(4) is

ultimately a question of federal law.  *See Frain*, 230 F.3d at 1017.  If a creditor cannot allege a

viable claim for breach of fiduciary duty under non-bankruptcy law, however, he cannot state a

claim under § 523(a)(4).  *See In re McGee*, 353 F.3d 537, 540 (7th Cir. 2003) ("Bankruptcy law

depends on, and implements, entitlements defined by state law."); *Johnson v. Woldman*, 158

B.R. 992, 995-96 (N.D. Ill. 1993).

3

### A.    Illinois Law Regarding Special Circumstances Fiduciary Duty

Soverino alleges that Netzel owed him a fiduciary duty based on the "special

circumstances" fiduciary duty that arises when a corporation becomes insolvent.  Officers and

directors usually do not owe a fiduciary duty to creditors but Illinois courts have long recognized

an exception to this rule when a corporation is insolvent.  *E.g.*, *Atwater v. Am. Exch. Nat'l Bank*,

38 N.E. 1017, 1022 (Ill. 1893); *Roseboom v. Warner*, 23 N.E. 339, 341 (Ill. 1890); *Beach v.*

*Miller*, 22 N.E. 464, 466 (Ill. 1889); *Paul H. Schwendener, Inc. v. Jupiter Elec. Co., Inc*., 829

N.E.2d 818, 828 (Ill. App. Ct. 2005).  Upon insolvency, "[t]he assets of the corporation must

then be regarded as a trust fund for the payment of all its creditors, and the directors occupy the

position of trustees." *Beach*, 22 N.E. at 466.  The fiduciary duty previously owed to

shareholders is then owed to creditors as a whole.  Directors and officers may be held liable for

breach of this duty.  *Paul H. Schwendener*, 829 N.E.2d at 828.

Courts are divided on whether an individual creditor has standing under Illinois law to

sue for breach of special circumstances fiduciary duty.  The Illinois Supreme Court has not

directly addressed the question.  *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*,

529 F.3d 371, 384 (7th Cir. 2008).  A federal court considering state law must attempt to predict

how the state supreme court would decide the issue presented.  *See Allen v. Transamerica Ins.*

*Co.*, 128 F.3d 462, 466 (7th Cir. 1997).

A few Illinois courts have permitted creditors to pursue officers and directors of an

insolvent corporation directly on their own behalf without discussing standing.  *See Paul H.*

*Schwendener*, 829 N.E.2d at 828 (court allowed creditor to proceed against a corporate officer

for breach of special circumstances fiduciary duty without analysis of standing); *O'Connell v.*

4

*Pharmaco, Inc.*, 493 N.E.2d 1175, 1181-82 (Ill. App. Ct. 1986) (court allowed creditor with

judgment against a corporation pursuing a citation to discover assets to obtain turnover of assets

held by an officer without addressing standing); *see also Technic Eng'g, Ltd. v. Basic*

*Envirotech, Inc.*, 53 F. Supp. 2d 1007, 1010-11 (N.D. Ill. 1999) (federal court applying Illinois

law permitted an action by a creditor on its own behalf against officers and directors of an

insolvent corporation to go forward without addressing standing).

The only Illinois court that directly addressed the standing issue concluded that an

individual creditor has no standing to sue a director for breach of the special circumstances

fiduciary duty. *Prime Leasing, Inc. v. Kendig*, 773 N.E.2d 84, 96-97 (Ill. App. Ct. 2002). The

*Prime Leasing* court was interpreting Delaware law but it cited Delaware authority only for the

general rule that directors do not owe creditors duties beyond the relevant contractual terms

unless there are special circumstances, including insolvency. *Id*. at 97. The court discussed the

important distinction recognized by the Seventh Circuit in *Koch Refining v. Farmers Union*

*Central Exchange, Inc.*, 831 F.2d 1339, 1348-49 (7th Cir. 1987), between claims based on a

liability owed to the general creditor body that only a trustee in bankruptcy can assert and claims

that are personal to a creditor that only the creditor can assert. *Prime Leasing*, 773 N.E.2d at 97.

The court concluded that an action for breach of special circumstances fiduciary duty can be

brought only by the corporation or its representative, not individual creditors, because the duty is

owed to the entire corporate constituency. *Id*.

Although the Illinois Supreme Court has not directly addressed the question of individual

creditor standing, a number of early decisions of the Court hold that all creditors are entitled to

share equally in any recovery for breach of special circumstances fiduciary duty. In each case,

5

the court held that a breach of this duty harms all creditors of the insolvent corporation because there are fewer assets available for distribution.  In *Beach v. Miller*, for example, the court stated that "'[t]he directors are . . . trustees of all the property of the corporation, for all of its creditors, and an equal distribution must be made, and no preference to any one of the creditors.'" 22 N.E. at 466 (quoting *Haywood v. Lumber Co.*, 26 N.W. 184, 186 (Wis. 1885)).  Similarly, in *Atwater v. American Exchange National Bank of Chicago*, an action brought by two creditors on behalf of themselves and all other creditors, the court set aside a judgment obtained by a director against the corporation in violation of his fiduciary duty to creditors upon insolvency.  38 N.E. at 1022.  The court concluded that "it is therefore all the creditors who are entitled to share in the fund" and ordered that the creditors "share pro rata in this fund."  *Id*. at 1020.[1]  Again in *Roseboom v. Warner*, the court recognized that "the instant the corporation becomes insolvent, said assets became a trust fund for the payment of all the debts *pro rata*." 23 N.E. at 341.  It held that, once the aid of a court is invoked, the court will administer the insolvent estate according to "the maxim that equality is equity."  *Id.*  It concluded that "no creditor can pursue a legal remedy, at least, in such a way as to obtain for himself a preference."  *Id.*  These decisions strongly suggest that the Illinois Supreme Court would not permit an individual creditor to sue on his own behalf for breach of the special circumstances fiduciary duty and obtain more than his pro rata share of any recovery.

---

[1]On rehearing, the court concluded that a bank had a valid secured lien on the assets in question and so had priority over the general unsecured creditors, in keeping with its earlier decisions that creditors do not lose their rights in insolvency.  *Atwater*, 38 N.E. at 1023-24.

The Illinois Supreme Court is also likely to be guided by the decisions of other

jurisdictions, particularly the Delaware Supreme Court, on important issues of corporate law.

*See Treco, Inc. v. Land of Lincoln Sav. and Loan*, 749 F.2d 374, 379 (7th Cir. 1984) ("Illinois

courts have often been guided by the decisions of other jurisdictions in making corporate law

regarding directors' fiduciary duties and the business judgment rule."); *Wieboldt Stores, Inc. v.

Schottenstein*, 94 B.R. 488, 509 n.29 (N.D. Ill. 1988) ("Illinois courts have often looked to

Delaware law for guidance in deciding previously undecided corporate law issues.").  The

Delaware Supreme Court held in *North American Catholic Educational Programming

Foundation, Inc. v. Gheewalla*,  930 A.2d 92, 103 (Del. 2007),  that individual creditors may not

assert claims for breach of fiduciary duty on their own behalf against directors of insolvent

corporations.  The *Gheewalla* court explained that creditors of an insolvent corporation take the

place of shareholders, becoming "the residual beneficiaries of any increase in value" and

consequently "the principal constituency injured by any fiduciary breaches that diminish the

firm's value."  *Id*. at 101-02.  A breach harms creditors "only indirectly by diminishing the value

of the firm and therefore the assets from which the creditors may satisfy their claims.'" *Id*. at 102

(quoting *Prod. Res. Group, L.L.C. v. NCT Group, Inc.*, 863 A.2d 772, 776 (Del. Ch. 2004)).  The

court held that the proper vehicle for remedying these general harms is a derivative action

brought on behalf of all creditors, not a direct action by any individual creditor.  *Id*. at 101.

The *Gheewalla* court was also concerned that recognizing a direct fiduciary duty owed

by directors to individual creditors would create uncertainty and a potential conflict of interest

for directors.  *Id*. at 103.  A direct fiduciary relationship between directors and individual

creditors could interfere with a director's ability to negotiate with creditors during insolvency,

when robust negotiations with creditors are perhaps most important. *Id*. The court therefore

held that "individual *creditors* of an *insolvent* corporation have *no right to assert direct* claims

for breach of fiduciary duty against corporate directors." *Id*.[2]

The holding in *Gheewalla* is consistent with the Illinois Supreme Court's own early

decisions and presents compelling reasons for denying standing to individual creditors. The

Illinois Supreme Court is likely to agree with *Gheewalla* and conclude that an individual creditor

may not directly sue a director of an insolvent corporation for breach of fiduciary duty.

### B.    Bankruptcy Decisions Under § 523(a)(4)

Bankruptcy courts applying Illinois law to claims for breach of special circumstances

fiduciary duty under § 523(a)(4) of the Bankruptcy Code are also divided on the standing issue

but the better reasoned decisions conclude that individual creditors have no standing to bring

direct claims against directors for breach of this duty. For example, in *Associated Bank, N.A. v.*

*Sever (In re Sever)*, 438 B.R. 612, 629 (Bankr. C.D. Ill. 2010), the court held that an individual

creditor may not assert a claim under § 523(a)(4) for breach of special circumstances fiduciary

duty. The court explained individual creditors were not entitled to a personal recovery from an

officer or director for breach of this duty either before or after bankruptcy. *Sever*, 438 B.R. at

629. The court also concluded that permitting a creditor of an insolvent corporation to assert a

direct claim for breach of fiduciary duty under § 523(a)(4) would expand nondischargeability to

---

[2]The Supreme Court of Tennessee recently adopted the *Gheewalla* holding and denied
standing to individual creditors of an insolvent corporation in *Sanford v. Waugh & Co., Inc.*, No.
M2007-02528-SC-R11-CV, 2010 WL 5139496, at *8 (Tenn. Dec. 17, 2010).

any and all creditors with claims against the assets of an insolvent corporation in contravention

of the fresh start policy of the Bankruptcy Code. *Id.*

The court in *Wachovia Securities, LLC v. Jahelka (In re Jahelka)*, Nos. 09 B 20289, 10 A

01, 2010 WL 5558990, at *6-7 (Bankr. N.D. Ill. Oct. 27, 2010), also concluded that creditors

have no standing to assert a direct claim for breach of special circumstances fiduciary duty.  The

court explained that "[t]he remedy for breach of fiduciary duty . . . is strictly a collective one."

*Jahelka*, 2010 WL 558990, at *6.  The court held that a creditor failed to state a claim under

§ 523(a)(4) because it could not allege a fiduciary relationship specifically between itself and the

director.  *Id.* at *7.

Many bankruptcy courts across the country have reached similar conclusions.  *See, e.g.*,

*Kelley v. Conwed Corp. (In re Kelley)*, 429 F. Supp. 969, 972 (E.D. Va. 1977) (holding that an

individual creditor cannot except from discharge a claim for breach of fiduciary duty, noting that

the plaintiff made no showing that it was entitled to all the misappropriated funds); *Econ. Dev.*

*Growth Enters. Corp. v. McDermott (In re McDermott)*, 434 B.R. 271, 281 (Bankr. N.D.N.Y.

2010) (holding that an "'equity-like interest' created under the 'trust fund doctrine' is

insufficient for purposes of" § 523(a)(4)); *Ozarowski v. Diaz (In re Ozarowski)*, Nos. 02-52981,

06-12405, 2006 WL 3694547, at *7 (Bankr. D.N.J. Dec. 12, 2006) (holding that insolvency-

based fiduciary duty "not the type of fiduciary capacity within the meaning" of § 523(a)(4));

*First Options of Chicago, Inc. v. Kaplan (In re Kaplan)*, 162 B.R. 684, 704-05 (Bankr. E.D. Pa.

1993), *aff'd*, 189 B.R. 882 (E.D. Pa. 1995) (holding fiduciary relationship between directors and

creditors "does not give rise to § 523(a)(4) liability"); *see also Bane,* 426 B.R. at 157-59

9

(holding creditor of debtor's wholly owned corporation had no standing to object to debtor's

discharge).

Several federal courts applying Illinois law have permitted individual creditors to pursue

actions under § 523(a)(4) for breach of special circumstances fiduciary duty but most did not

analyze the standing issue. *See Energy Prods. Eng'g, Inc. v. Reuscher (In re Reuscher)*, 169

B.R. 398, 403-04 (S.D. Ill. 1994) (allowing claim to proceed under § 523(a)(4) without

analyzing standing); *Cent. Ill. Bank v. Suhadolnik (In re Suhadolnik)*, Nos. 07-71951, 08-7115,

2009 WL 801611, at *2 (Bankr. C.D. Ill. Mar. 23, 2009) (same); *Newsub Mag. Servs. LLC v. Rey*

*(In re Rey)*, Nos. 04 B 35040, 04 A 4446, 04 A 4443, 2005 WL 894820, at *4 (Bankr. N.D. Ill.

Apr. 18, 2005) (same).[3]

Only the court in *Salem Services, Inc. v. Hussain (In re Hussain)*, 308 B.R. 862, 866

(Bankr. N.D. Ill. 2004), discussed standing in any detail. In *Hussain*, a creditor obtained a

judgment against a corporation for breach of contract. 308 B.R. at 865. The corporation's chief

executive officer and fifty percent shareholder filed for bankruptcy. The creditor filed an action

against him seeking a determination that the judgment obtained in state court was

nondischargeable based on a breach of the special circumstances fiduciary duty. *Id*. at 864-65.

The debtor argued that the creditor did not have standing because the special circumstances

fiduciary duty is owed to the entire corporate constituency, not the creditor individually. *Id*. at

865-66. The court rejected this argument, noting that both 11 U.S.C. § 523(a) and Rule 4007(a)

---

[3]The *Rey* court has since reconsidered the issue and concluded that individual creditors
do not suffer the requisite injury to support a claim for nondischargeability under § 523(a)(4).
*See Wachovia Sec.*, 2010 WL 5558990, at *6-7.

of the Federal Rules of Bankruptcy Procedure specifically permit creditors to seek a

determination that a debt is nondischargeable.  *Id*. at 866.  The court also concluded that the

creditor had standing because claim was "personal" to the debtor under the *Koch Refining* test

based on the loss suffered by the creditor from the breach of contract.  *Id*.

This analysis is not persuasive.  First, neither § 523(a) nor Rule 4007(a) deal with

standing to bring a claim under state law.  Section 523(a) sets forth the grounds upon which a

creditor may challenge the dischargeability of a debt, 11 U.S.C. § 523(a), and Rule 4007(a)

merely provides that a creditor may file a complaint to obtain a determination of the

dischargeability of any debt.  Fed. R. Bankr. P. 4007(a).  Second, the harm suffered by the

plaintiff from the breach of contract is not relevant to its standing to asset a claim for breach of

fiduciary duty.  To have standing to assert a fiduciary duty claim, the plaintiff must have suffered

a harm from the breach of fiduciary duty that is different from the harm suffered by all other

creditors from that breach.  The plaintiff in *Hussain* suffered no such individual harm.  It alleged

that the debtor breached his fiduciary duty by permitting the other shareholder to be paid before

general creditors.  *Hussain*, 308 B.R. at 866.  All creditors were affected in the same way by this

alleged action so the claim for breach of fiduciary duty was not a personal claim that the creditor

could assert under the *Koch Refining* test cited in *Hussain*.  Thus, *Hussain* does not provide a

sound basis for concluding that an individual creditor has standing to bring a direct claim for

breach of fiduciary duty against a director of an insolvent corporation.

In fact, the *Koch Refining* test applied in *Husain* does not apply directly in this case

because the court addressed a different issue - whether a bankruptcy trustee or creditors had

standing to assert alter ego claims.  The *Koch Refining* analysis nonetheless supports the

conclusion that an individual creditor has no right to bring claims belonging to all creditors, such

as claims for breach of special circumstances fiduciary duty.

In *Koch Refining,* both the bankruptcy trustee and certain creditors of an oil refinery filed

actions alleging essentially the same alter ego claims against the member/owners of the debtor

refinery.  The issue was whether the trustee had standing to assert these claims under state law

and §§ 544 and 541 of the Bankruptcy Code, 11 U.S.C. §§ 541, 544.  In concluding that only the

trustee could assert the claims, the court distinguished between causes of action that are personal

to individual creditors and causes of action that belong to the general creditor body.  The court

noted that "[i]t is axiomatic that the [bankruptcy] trustee has the right  to bring any action in

which the debtor has an interest, including actions against the debtor's officers and directors for

breach of duty or misconduct."  *Koch Ref.*, 831 F.2d at 1348 (citing *Pepper v. Litton*, 308 U.S.

295, 307 (1939)).  The trustee is also given creditor status under § 544 of the Bankruptcy Code

to bring suits for the benefit of the estate.  *Id*.  The trustee has no standing, however, to bring

"personal" claims of creditors.  *Id*.  As the *Koch Refining* court held,

> a cause of action is 'personal' if the claimant himself is harmed and no other
> claimant or creditor has an interest in the cause.  But allegations that could be
> asserted by any creditor could be brought by the trustee as a representative of all
> creditors.  If the liability is to all creditors of the corporation without regard to the
> personal dealings between such officers and such creditors, it is a general claim.

831 F.2d at 1348-49.  The court further held that the "equally valid mirror image" of this

principle is that "a single creditor may not maintain an action on his own behalf against a

corporation's fiduciaries if that creditor shares in an injury common to all creditors and has

personally been injured only in an indirect manner."  *Id.* at 1349 (citations omitted); *see also*

*Levey v. Sys. Div. Inc. (In re Teknek, LLC)*, 563 F.3d 639, 645-49 (7th Cir. 2009).  Thus,

although the *Koch Refining* court was deciding the standing of a bankruptcy trustee to assert alter ego claims of a debtor in bankruptcy, its analysis supports the conclusion that only a corporate representative, not individual creditors, may bring actions that belong to the entire creditor body like breach of special circumstances fiduciary duty.

Many other courts have concluded in various contexts that a claim for breach of the special circumstances fiduciary duty claim is general to all creditors and may not be asserted by an individual creditor.  *See, e.g.*, *Cellco P'ship v. Bane (In re Bane),* 426 B.R. 152, 159-60 (W.D. Pa. 2010) (holding that the plaintiff lacked standing to object to discharge because breach of special circumstances fiduciary duty was derivative in nature and belonged to the trustee); *Gourmet Cent., Inc. v. Fox (In re Sage Enters., Inc.)*, Nos. 04 B 05548, 04 A 00014, 2006 WL 1722582, at *18 (Bankr. N.D. Ill. Apr. 28, 2006) (dismissing direct claim for breach of special circumstances fiduciary duty because only the trustee had standing); *Daley v. Chang (In re Joy Recovery Tech. Corp.)*, 257 B.R. 253, 273 (Bankr. N.D. Ill. 2001) (noting trustee had standing to bring breach of fiduciary duty claim against principals on behalf of creditors).  *See generally Felt Mfg. Co., Inc. v. Foss (In re Felt Mfg. Co., Inc.)*, 371 B.R. 589, 611-12 (Bankr. D.N.H. 2007) (holding that unsecured creditor's committee had standing to assert breach of insolvency-based fiduciary duty because the claim was derivative); *Baldi v. Lynch (In re McCook Metals, LLC)*, 319 B.R. 570, 595-96 (Bankr. N.D. Ill. 2005) (holding that trustee established at trial a claim for special circumstances fiduciary duty).

This case differs from *Koch Refining* and the cases discussed above because, in those cases, the insolvent corporation was in bankruptcy and a trustee was available to represent the interest of the corporation and all creditors.  Here, The Plumbing Company is not in bankruptcy

13

so there is no trustee to pursue an action against Netzel on behalf of all creditors.  This difference

does not alter the fundamental principle, however, that a creditor may not assert for himself

claims that belong to the creditors as a whole.

In this case, Soverino has no standing to assert a claim for breach of fiduciary duty

against Netzel.  Soverino alleges that Netzel his paid personal bills with corporate funds and

assigned contracts to other plumbing companies.  These alleged acts would have injured the

corporation and the entire creditor body.  They did not cause any harm to Soverino that was not

suffered by all other creditors.  Accordingly, Soverino has no standing under Illinois law to bring

a direct action against Netzel for breach of the special circumstances fiduciary duty.  Soverino

therefore cannot state a claim under § 523(a)(4) based on a debt "for fraud or defalcation while

acting in a fiduciary capacity."


**IV.    Conclusion**

For all of these reasons,  Soverino cannot state a claim that Netzel owes him a debt based

on fraud or defalcation while acting in a fiduciary capacity based on the alleged breach of the

special circumstances fiduciary duty.  His complaint will  be dismissed.


Dated: January 20, 2011                                  ENTERED:

                                                         _____
                                                         Carol A. Doyle
                                                         United States Bankruptcy Judge